

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 1, 1977

Honorable Ron Bird, Chairman
Committee on Regions, Compacts
  and Districts
P. O. Box 2910
Austin, Texas 78769

Opinion No. H-1032

Re:  Authority of a city
to promulgate run-off
regulations for development
over the recharge zone of
the Edwards Aquifer.

Dear Representative Bird:

You have requested our opinion regarding the authority
of the City of San Antonio to promulgate run-off regulations
for that portion of the re-charge zone of the Edwards Aquifer
which lies within the city limits and within the city's extra-
territorial jurisdiction.  The Edwards Aquifer has been statu-
torily defined as

> that portion of an arcuate belt of porous,
> waterbearing limestones composed of the
> Comanche Peak, Edwards, and Georgetown
> formations trending from west to east to
> northeast through Kinney, Uvalde, Medina,
> Bexar, Kendall, Comal, and Hays counties,
> respectively and as defined in the most
> recent order of the board adopting rules
> for the protection of the quality of the
> potable underground water in those counties.

Water Code § 21.098(a).

We note that the City of San Antonio has enacted Ordinance
No. 48106 (June 9, 1977) which prohibits issuance of building
permits, approval of zoning changes, approval of plats and con-
struction and installation of all sewer, water, gas or electric
service extensions or connections over the recharge zone until
December 31, 1978.  That ordinance is being challenged in the
federal courts.  Encino Park Venture v. City of San Antonio,
(Civil Action No. SA-77-CA-174).  This office does not issue
opinions on matters pending before the courts.  Accordingly, we
have examined the pleadings in that case to determine whether
we are precluded from issuing an opinion on your inquiry.  The
ordinance provides for a moratorium on new construction which

presents different issues than your question involving run-off regulations. Additionally, the ordinance is attacked on federal constitutional grounds rather than on the statutory issues raised by your request. Thus, we believe the specific question you pose is not raised by the pleadings in Encino Park Venture.

Section 21.357(a) of the Water Code authorizes any city to "establish a water pollution control and abatement program for the city." The statute further provides:

> The water pollution control and abatement program of a city shall encompass the entire city and may include areas within its extraterritorial jurisdiction which in the judgment of the city should be included to enable the city to achieve the objectives of the city for the area within its territorial jurisdiction. The city shall include in the program the services and functions which, in the judgment of the city or as may be reasonably required by the [Water Quality] board, will provide effective water pollution control and abatement for the city. . . .

Water Code § 21.357(b). In Attorney General Opinion H-304 (1974) we held that whatever authority is necessary for a city "to perform the actions permitted or required under § 21.357 is necessarily implied" therefrom. Id. at 3. It is our opinion, therefore, that the City of San Antonio is authorized to enact measures to control water pollution, including the promulgation of run-off regulations, in that portion of the re-charge zone of the Edwards Aquifer which lies within the city limits and within the city's extraterritorial jurisdiction.

## S U M M A R Y

> The City of San Antonio is authorized to promulgate run-off regulations for that portion of the re-charge zone of the Edwards Aquifer which lies within its city limits and within its extraterritorial jurisdiction.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw